Drake, Oh. J.,
delivered the opinion of the court:
1. The ground taken in the first conclusion of law needs no enlargement. The decisions of the Supreme Court in cases involving the same question leave no room for questioning the conclusive force of a receipt given by a party in full for a claim where he has knowledge of all the facts and receives the money without protest or demur.
2. The second conclusion seems equally plain. The claimants were not entitled to double compensation for the injury done to their boat by accident of the 29th of July. The boat was fully insured, and they resorted to the insurers for compensation for that injury, and obtained it. That is all they had a right to, and they cannot exact from the Government remuneration on that account.
3. As to the third point, it seems to us but simple justice that, when the Government b.y military force takes a vessel from the possession of her owners and places her in the Gov- *346 eminent service, the owners should be paid for her until the Government returns her to them in a fit condition for use. The owners, in this case, lost seventeen days’ use of their vessel, not through any default of their own, nor through an accident happening to her while they had possession and control of her, but through an accident which occurred while they were forcibly depossessed of her, and while she was in the service of the Government, and when she was where, if they had obtained possession of her, she might not have been. If she had been wrecked and lost by that accident, the claimants would, uuder the Act March 3, 1849, (9 Stat. L., p. 414,) and the Act March 3,1863, (12 Stat. L., p. 743,) have had a right to recover of the Government her value. Equally, as it seems to us, are they entitled to continuation of th eper-diem compensation during the time the vessel was on the docks undergoing repairs.
Judgment will, therefore, be rendered in favor of the claimants for $1,445, being for seventeen days’ detention of the Isabella on the docks, at $85 per day.